**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000550**
**27-DEC-2012**
**08:13 AM**

NO. CAAP-11-0000550

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

**CR. NO. 10-1-0904**
STATE OF HAWAI'I, Plaintiff-Appellee,
v.
SHAUN L. CABINATAN, Defendant-Appellant,
and
KIMO MOORE, Defendant.

**CR. NO. 09-1-0854**
STATE OF HAWAI'I, Plaintiff-Appellee,
v.
SHAUN L. CABINATAN, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

Defendant-Appellant Shaun L. Cabinatan (Cabinatan) appeals from the "Judgment of Conviction and Sentence" in Cr. No. 10-1-0904 and the "Order of Resentencing; Revocation of Probation," in Cr. No. 09-1-0854, both entered on June 22, 2011 in the Circuit Court of the First Circuit (circuit court).[1]

In Cr. No. 09-1-0854, Cabinatan pled guilty to Escape in the Second Degree, in violation of Hawaii Revised Statutes (HRS) § 710-1021 (1993 Repl.). The circuit court entered a

_____

[1] The Honorable Edward H. Kubo Jr. presided.

judgment of conviction and sentenced Cabinatan to probation for a term of five years.

In Cr. No. 10-1-0904, Cabinatan was convicted of (1) Burglary in the First Degree, in violation of HRS § 708-810 (1993 Repl.) and (2) Unauthorized Entry into a Motor Vehicle in the First Degree, in violation of HRS § 708-836.5 (Supp. 2011).

On appeal, Cabinatan contends that: (1) the circuit court abused its discretion in refusing to give a requested jury instruction stating the factors to be considered in assessing the accuracy of eyewitness identification, and that a cautionary jury instruction regarding eyewitness identification should be required in any case in which eyewitness identification is a critical issue; and (2) because the revocation of probation in Cr. No. 09-1-0854 was premised on Cabinatan's convictions in Cr. No. 10-1-0904, the order of resentencing and revocation of probation in Cr. No. 09-1-0854 must be vacated.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Cabinatan's points of error as follows:

On appeal, Cabinatan acknowledges that "the Hawaiʻi Supreme Court has repeatedly held that the giving of special instructions on eyewitness identification is within the discretion of the trial judge." See State v. Vinge, 81 Hawaiʻi 309, 316, 916 P.2d 1210, 1217 (1996); State v. Okumura, 78 Hawaiʻi 383, 404, 894 P.2d 80, 101 (1995); State v. Pahio, 58 Haw. 323, 331-332, 568 P.2d 1200, 1206 (1977); and State v. Padilla, 57 Haw. 150, 162, 552 P.2d 357, 365 (1976). Cabinatan asserts, however, that the correct holding should be that "a cautionary jury instruction regarding eyewitness identification should be required in any case in which eyewitness identification is a critical issue." This is the same argument made by the

2

defendant in <u>State v. Cabagbag</u>, 127 Hawai'i 302, 309, 277 P.3d 1027, 1034 (2012), which was recently decided while the instant case was on appeal.

In <u>Cabagbag</u>, the Hawai'i Supreme Court agreed with Cabagbag's argument when the defense requests the instruction, but gave its ruling prospective effect. The supreme court first held that "in criminal cases, the circuit courts must give the jury a specific eyewitness identification instruction whenever identification evidence is a central issue in the case, and it is requested by the defendant[.]" <u>Cabagbag</u>, 127 Hawai'i at 304, 277 P.3d at 1029. In so holding, the supreme court abrogated <u>Padilla</u>, <u>Pahio</u>, <u>Okumura</u>, and <u>Vinge</u>, the very cases on which the circuit court based its decision regarding jury instructions in this case.

However, the supreme court also held in <u>Cabagbag</u> that "this rule should be given prospective effect." <u>Cabagbag</u>, 127 Hawai'i at 317, 277 P.3d at 1042. Specifically, the court held that "as to [<u>Cabagbag</u>] and other cases that are currently pending on direct appeal, this court will apply the rule then in effect when the cases were tried." <u>Id.</u>

Cabinatan's trial in this case was held on January 26, 2011 and he filed his notice of appeal on July 19, 2011. The supreme court decided <u>Cabagbag</u> on May 17, 2012. When the supreme court issued its opinion in <u>Cabagbag</u>, briefing in this appeal had not been completed and this case was "pending on direct appeal" in this court. Therefore, we do not review this case under the new rule decided in <u>Cabagbag</u>, but instead, under the rule in effect at the time of Cabinatan's trial. That is, similar to the analysis applied to the defendant in <u>Cabagbag</u>, "we must examine all aspects of the trial, including the opening statements, the cross-examination of prosecution witnesses, the arguments to the jury, and the general instructions given by the court, to determine whether the jury's attention was adequately drawn to

the identification evidence." 127 Hawai'i at 317, 277 P.3d at 1042 (citation omitted). Moreover, under the rule applicable when Cabinatan was tried, the giving of special instructions on identification was within the discretion of the trial court. Padilla, 57 Haw. at 162, 552 P.2d at 365.

Here, the record shows that the jury's attention was adequately drawn to the issue of eyewitness identification and the evidence related thereto. Counsel for both parties focused the jury's attention on identification from the start and made the jury aware that the case turned on this issue. First, the parties' opening statements alerted the jury to the fact that identity was an issue. The defense counsel clearly stated that he intended to present evidence to raise doubts about Cabinatan's identification as the culprit. Second, direct examination of the key prosecution witnesses sought to establish how they identified Cabinatan as one of the culprits and defense counsel's cross-examination of these witnesses questioned the reliability of their eyewitness accounts in identifying Cabinatan. Third, the parties addressed the issue of eyewitness identification during closing arguments, with defense counsel enumerating several reasons for the jury to consider the credibility of the witnesses and the weight of their testimony as it related to the identity of Cabinatan.

Moreover, the circuit court's instructions also drew the jury's attention to the identification issue and the related evidence. In Jury Instruction No. 22, the circuit court instructed:

> The burden of proof is on the prosecution with reference to every element of a crime charged, and <u>this burden includes the burden of proving beyond a reasonable doubt the identity of the defendant as the person responsible for the crimes charged</u>.

(Emphasis added.) In Jury Instruction No. 11, the circuit court further instructed:

It is your exclusive right to determine whether and to what extent a witness should be believed and to give weight to his or her testimony accordingly. In evaluating the weight and credibility of a witness' testimony, you may consider the witness' appearance and demeanor; the witness' manner of testifying; the witness' intelligence; the witness' candor or frankness, or lack thereof; the witness' interest, if any, in the result of this case; the witness' relation, if any, to a party; the witness' temper, feeling, or bias, if any has been shown; the witness' means and opportunity of acquiring information; the probability or improbability of the witness' testimony; the extent to which the witness is supported or contradicted by other evidence; the extent to which the witness has made contradictory statements, whether in trial or at other times; and all other circumstances surrounding the witness and bearing upon his or her credibility.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. In weighing the effect of inconsistencies or discrepancies, whether they occur within one witness' testimony or as between different witnesses, consider whether they concern matters of importance or only matters of unimportant detail, and whether they result from innocent error or deliberate falsehood.

Jury Instruction No. 22 in this case follows the instruction considered in <u>Vinge</u>. 81 Hawai'i at 317, 916 P.2d at 1218. Given such an instruction, as well as the cross-examination and arguments of defense counsel regarding the identification issue, the supreme court held in <u>Vinge</u> that the jury's attention was adequately drawn to the issue of identification. <u>Id.</u>

The more general instructions on witness credibility in Jury Instruction No. 11 are similar to the instructions given in <u>Cabagbag</u>. In <u>Cabagbag</u>, given the opening and closing statements of counsel, the cross-examination of prosecution witnesses, and the general instructions given by the trial court, the supreme court held that, under the rule existing when Cabagbag was tried, the jury's attention was adequately drawn to the identification issue. 127 Hawai'i at 317-18, 277 P.3d 1042-43; <u>see also</u> <u>Okumura</u>, 78 Hawai'i at 405, 894 P.2d at 102.

In this case, the opening and closing statements of counsel, the direct examination and cross-examination of the

5

prosecution eyewitnesses, and the jury instructions given by the circuit court drew adequate attention to the identification issue and the related evidence.  Under these circumstances and the rule applicable at the time Cabinatan was tried, the circuit court was not required to give a more specific instruction.  Padilla, 57 Haw. at 161-62, 552 P.2d at 364-65.  We thus conclude that the circuit court did not abuse its discretion in not giving a more specific jury instruction on eyewitness identification in Cr. No. 10-1-0904.

Given our ruling with regard to Cabinatan's conviction in Cr. No. 10-1-0904, the circuit court did not err in revoking Cabinatan's probation in Cr. No. 09-1-0854.

Therefore,

IT IS HEREBY ORDERED that we affirm the "Judgment of Conviction and Sentence" in Cr. No. 10-1-0904 and the "Order of Resentencing; Revocation of Probation" in Cr. No. 09-1-0854, both entered on June 22, 2011 in the Circuit Court of the First Circuit.

DATED:  Honolulu, Hawai'i, December 27, 2012.


On the briefs:

Jon N. Ikenaga
Deputy Public Defender
Office of the Public Defender
for Defendant-Appellant

Sonja P. McCullen
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge